1
2
3
4
5
6
7
8  UNITED STATES DISTRICT COURT
   WESTERN DISTRICT OF WASHINGTON
9  AT TACOMA
10

11  DAN BEDKER, JR.,                          Case No.  C05-5276RJB

12              Plaintiff,                    ORDER ADOPTING REPORT
                                              AND RECOMMENDATION,
13         v.                                 DENYING APPLICATION TO
                                              PROCEED IN FORMA
14  JOSEPH LEHMAN, et al.,                    PAUPERIS, AND REFERRING
                                              MOTION FOR SELF RECUSAL
15              Defendants.                   TO THE MAGISTRATE JUDGE

16

17        This matter comes before the court on the Report and Recommendation to Deny Plaintiff's IFP

18  Application.  Dkt. 3. The court has considered the relevant documents, including plaintiff's objections, and

19  the remainder of the record herein.

20        On April 12, 2005, plaintiff, a resident at the Special Commitment Center (SCC), filed an

21  application to proceed *in forma pauperis*. Dkt. 1. On May 9, 2005, U.S. Magistrate Judge J. Kelley

22  Arnold issued a Report and Recommendation, recommending that the court deny the application to

23  proceed *in forma pauperis* because plaintiff has sufficient funds to pay the $250 filing fee in this case.  Dkt.

24  3. Plaintiff's application shows that he makes $300 every two weeks working for the DSHS at SCC.  Dkt.

25  1.

26        On May 17, 2005, plaintiff filed a document captioned Response to R & R Dkt #3 and Motion for

27  Self-Recusal. Dkt. 4. Although this Report and Recommendation was noted for June 3, 2005, it is ripe

28

ORDER
Page - 1

for consideration, since plaintiff has filed his objections to the Report and Recommendation, and since defendants have not yet been served.

Regarding his application to proceed *in forma pauperis*, plaintiff contends that expenses at SCC are significant, that he is not a prisoner, and that he should not be deprived of his life savings to pursue this action. Dkt. 4.

## DISCUSSION AND CONCLUSION

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

The record shows that plaintiff has an income of $300 every two weeks. More than two weeks have passed since the magistrate judge issued the Report and Recommendation. Plaintiff has made a choice to file this civil action. While the costs of this action may place a burden on his resources, plaintiff appears to have sufficient funds to avail himself of his legal remedies by filing this action. Accordingly, the court should adopt the Report and Recommendation and deny plaintiff's motion to proceed *in forma pauperis*. Before the court dismisses this case, however, plaintiff should have the opportunity to pay the filing fee.

The court notes that plaintiff was granted *in forma pauperis* status on December 8, 2004, in *Bedker v. Seling*, C04-5696RJB, because he had no funds left in his savings account and he was no longer employed. That is not the case here, where plaintiff appears to be earning an income sufficient to pay the filing fee.

Pursuant to Local Rule GR 8, plaintiff's motion for recusal should be referred to Magistrate Judge Arnold.

Plaintiff is informed that this pleading, in addition to objecting to the Report and Recommendation of the magistrate judge, also requests that Magistrate Judge Arnold recuse himself. The pleading requests relief from both the undersigned judge and from Magistrate Judge Arnold. This is a tactic that has been used frequently by another SCC resident, Richard Roy Scott. Mr. Scott has been placed under severe restrictions by this court. See, for example, *Scott v. Seling*, C04-5147RJB, Dkt. 170. Plaintiff's objections

in the present case discuss Mr. Scott's cases and unhappiness with the court's rulings in those cases, and also discuss other cases brought by other SCC residents that are not relevant to the issues before the court in this case. Dkt. 4. Mr. Bedker is informed that this is his case, not Mr. Scott's. Pleadings such as this Response to R & R Dkt #3 and Motion for Self-Recusal are unacceptable, and constitute improper litigation tactics designed to confuse the court and multiply proceedings. Such tactics will not be tolerated by the court. If Mr. Bedker files pleadings in the future that are improper and abusive, the court will consider imposing sanctions that could include monetary sanctions and/or dismissal of the case.

Therefore, it is hereby

**ORDERED** that the Report and Recommendation to Deny Plaintiff's IFP Application (Dkt. 3) is **ADOPTED.** Plaintiff's Application to Proceed In Forma Pauperis (Dkt. 1) is **DENIED**. If plaintiff desires to proceed with this civil action, he shall pay the $250 filing fee to the Court Clerk, not later than June 23, 2005. If plaintiff fails to timely submit the filing fee, the Clerk is directed to dismiss this case without prejudice. Plaintiff's Motion for Self-Recusal (Dkt. 4) is **REFERRED** to Judge Arnold.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 23rd day of May, 2005.

Robert J. Bryan
United States District Judge